IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHN WASHINGTON                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:22CV30-RP

COMMISSIONER OF SOCIAL SECURITY                                                  DEFENDANT

### ORDER GRANTING EAJA FEES

Plaintiff seeks an award of attorney's fees and expenses for a total amount of $14,878.38 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). This amount represents 2.5 hours billed at an hourly rate of $213.75 for the year 2021, 60.4 hours billed at an hourly rate of $235.00 for the year 2022, and $150 of expenses incurred for a pro hac vice filing fee. The Court would note that Plaintiff requested a total of $14,897.75 in fees and expenses in his Motion, but his Declaration attached below the Motion as well as his Memorandum list $14,878.38. Because Plaintiff gives a clear explanation of the $14,878.38 figure through counsel's timesheets, the Court limits its discussion to this figure and presumes that the greater figure is a scrivener's error.

The Commissioner objects to Plaintiff's Motion on the grounds that Plaintiff's counsel claimed an unreasonable number of billed hours, used incorrect prevailing market rates to calculate hourly rates, claimed an unsubstantiated $402 filing fee, and improperly requested direct-to-attorney payment of EAJA fees.

The EAJA enables prospective litigants to defend against "the unreasonable exercise of Government authority" without financial deterrents. *Stark v. Comm'r of Soc. Sec.*, No. 3:14CV150-DAS, 2015 WL 3795985 at *1 (N.D. Miss. 2015) (internal quotation mark omitted) (quoting *United States v. Claro*, 579 F.3d 452, 466 (5th Cir. 2009)). A claimant's attorney must

refund to the claimant the lesser of the fees recovered under the Social Security Act, 42 U.S.C. § 406(b), and the EAJA, if fees are recoverable under both statutes. *Bays v. Comm'r of Soc. Sec.*, No. 3:15CV00053-JMV, 2017 WL 6499248, at *1 (N.D. Miss. Dec. 19, 2017) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 2002). The EAJA provides that:

> [A] court shall award to a prevailing party…fees and other expenses… incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Plaintiff contends that the Commissioner's position was not substantially justified and is therefore entitled to EAJA fees. The Commissioner does not dispute whether Plaintiff is entitled to an EAJA award. Therefore, the Court finds that an award of fees is appropriate.

The Court now turns to whether the requested amount is reasonable. The Commissioner claims that Plaintiff offers no explanation supporting his assertion that his case is complex. Docket 28 at 2. Plaintiff argues that the case was complex because of the lengthy administrative transcript, research, and writing involved. Docket 27 at 8. Plaintiff also argues that the hours billed for his Brief are justified, at least in part, by its length. Docket 27 at 7. Plaintiff cites several cases, affirming as much as 65.75 hours as reasonable for a Social Security case. In *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill. 1998), the court held that 65.75 hours were reasonable and supported its reasoning based on the case's complexity. *Id.*

In *Maldonado v. Houstoun*, another case from Plaintiff's Memorandum, the court reduced the hours billed for the appellee's 41-page brief from 276.65 hours to 120 hours. 256 F.3d 181, 186 (3rd Cir. 2001). Plaintiff correctly points out that 120 hours spent on a 41-page

brief amounts to slightly less than 3 hours billed per page. Docket 27 at 7. The original case, however, was not a Social Security case but rather a § 1983 case. *See Maldonado v. Houstoun*, 157 F.3d 179, 183 (3rd Cir. 1998). It involved complex litigation based on a constitutional challenge to a Pennsylvania welfare rule. *Id.* at 181-82.  While the issues in this case do not rise to the level of a complex constitutional challenge, the court finds that a lengthy transcript such as the Plaintiff's and the brief addressing three well fleshed out issues, resulting in the Commissioner voluntarily remanding the case, substantially support the higher than average number of hours spent preparing the brief.

The next issue is whether Plaintiff used the proper Consumer Price Index ("CPI") to compute the cost-of-living adjustment on the $125 hourly rate cap set by the EAJA. Given that Plaintiff's counsel performed legal work before this Court and within the bounds of the South Urban Region table of the CPI, the appropriate hourly rates must be edited. The appropriate 2021 hourly rate is $214.29, and the appropriate 2022 hourly rate is $229.05.  This equates to $535.73 in fees for 2021 and $13,834.62 in fees for 2022.

As for the court filing fee, the Plaintiff did not include this in his total expenses or his request for reimbursement attached as "Exhibit B" to his Motion. Docket 26-3 at 2. Therefore, the Court will disregard the $402.00 figure.

For the foregoing reasons, Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) is **GRANTED.**  The Commissioner is ORDERED to pay Plaintiff $14,520.35 for fees and expenses.  The award should be mailed to Plaintiff's attorney.

SO ORDERED, this, the 4th day of November, 2022.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE